# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1998 SESSION

FILED

December 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **ROBERT SENICK,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9711-CR-00550 |
| | ) | |
| vs. | ) | DeKalb County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Leon Burns, Jr., Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**HARVEY DOUGLAS THOMAS**
Attorney at Law
3367 Phillips Cemetery Rd.
Algood, TN  38506

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Senior Counsel for the State
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**WILLIAM EDWARD GIBSON**
District Attorney General

**ANTHONY J. CRAIGHEAD**
Asst. District Attorney General
145 S. Jefferson St.
Cookeville, TN  38501

OPINION FILED:_____

**AFFIRMED - RULE 20**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The petitioner, Robert Senick, appeals the DeKalb County Criminal Court's denial of his petition for post-conviction relief. Senick is currently serving an effective seven year sentence in the Department of Correction for the crimes of possession with intent to deliver or sell over ten pounds of marijuana and conspiracy to possess with intent to deliver or sell over ten pounds of marijuana. See State v. Robert Senick, No. 01C01-9409-CR-00312 (Tenn. Crim. App., Nashville, Sept. 22, 1995), perm. app. dismissed (Tenn. 1996). In his post-conviction petition, he (1) challenged the constitutionality of the reasonable doubt jury instruction given at his trial, (2) alleged his trial attorney deprived him of his right to not to testify against himself, (3) claimed his trial attorney was ineffective for failing to raise an issue on appeal, (4) alleged he was deprived of a fair trial by comments made during voir dire by a prospective juror, and (5) claimed he was deprived of due process by the trial court's failure to fulfill its duties as the thirteenth juror. The trial court found each of the issues without merit. In this appeal, we find no error of law requiring reversal, and thus we affirm the judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals.

The Post-Conviction Procedure Act provides, "There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." Tenn. Code Ann. § 40-30-210(f) (1997); see also Tenn. Code Ann. § 40-30-206(g) (1997); House v. State, 911 S.W.2d 705, 706 (Tenn. 1995), cert. denied, 517 U.S. 1193, 116 S. Ct. 1685 (1996). In the case at bar, issues (1) and (5) are ones which could have been presented on direct appeal but were not. Moreover, the petitioner made no allegation and offered no proof why these issues were not pursued on direct appeal. See Tenn. Code Ann. § 40-30-204(e) (1997). As such, these issues have been waived.

2

It is also well-settled law in the area of post-conviction practice that issues which were previously determined in earlier proceedings are not subject to relitigation. Tenn. Code Ann. § 40-30-206(f); see, e.g., Daniel B. Taylor v. State, No. 02C01-9703-CR-00091, slip op. at 5-6 (Tenn. Crim. App., Jackson, Mar. 18, 1998). Issue (4) was presented on direct appeal as a dual attack on the trial court's failure to grant a change of venue and failure to declare a mistrial. We found Senick's argument for change of venue without merit and his mistrial issue waived for failure to cite authority in his brief. See Robert Senick, slip op. at 5-7. As such, issue (4) has been previously determined.

A post-conviction petitioner must prove his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). The court below considered the evidence presented at the post-conviction hearing and made thorough and thoughtful findings of fact and conclusions of law which were adverse to the positions advanced by the petitioner in issues (2) and (3). We are bound by the trial court's findings of fact and conclusions of law unless the evidence of record preponderates against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. 1990). The evidence in the case at bar does not so preponderate.

In sum, we find no error of law requiring reversal. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

3

_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE